## In re MACHOLDT.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

**1. MANDAMUS (§ 106*)—ADEQUACY OF OTHER REMEDY AT LAW.**

In the absence of any other adequate remedy at law, the court may by mandamus compel the comptroller of the city of New York to pay an award out of a fund which has been provided for that particular purpose.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 224–234; Dec. Dig. § 106.*]

**2. MANDAMUS (§ 111*)—COMPELLING PAYMENT OF AWARDS—STATUTES—"MANDATE."**

Under Code Civ. Proc. § 3343, subd. 2, defining the word "mandate" to include a writ, issued out of a court, commanding an officer to do or to refrain from doing an act therein specified, and Greater New York Charter (Laws 1901, c. 466) § 1001, authorizing the court, on application of any person to whom an award has been made in proceedings to acquire land, to require the comptroller to pay the award, and to enforce the mandate as other mandates are enforced, the court may by mandamus compel the comptroller to pay an award, and the fact that costs are more than they would be if the applicant for mandamus had been content with an order is a matter which may not be considered, when he was denied the award, to which he was legally entitled.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 111.*

For other definitions, see Words and Phrases, vol. 5, p. 4331; vol. 8, p. 7715.]

**3. MANDAMUS (§ 1*)—NATURE OF "MANDAMUS."**

"Mandamus" is a command issuing from a court of law, in the name of the state, directed to some inferior court, officer, corporation, or person, requiring the doing of a particular thing specified, which appertains to their office or duty.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4323–4330; vol. 8, pp. 7714, 7715.]

Appeal from Special Term, Queens County.

Application for mandamus by Francis Macholdt, directed to William A. Prendergast, as Comptroller of the City of New York, to compel the Comptroller to pay the amount of an award. From an order directing the issuance of a peremptory writ, the Comptroller appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joel J. Squier (Joseph J. Myers and G. E. Draper, on the brief), for appellant.

Benjamin Trapnell (Joseph A. Flannery, on the brief), for respondent.

WOODWARD, J. It is not seriously contended on this appeal that the respondent is not entitled to an order directing the comptroller of the city of New York to pay the amount of the award for damage parcel No. 182 in the above-entitled proceeding. The objection is raised that the court has directed that a peremptory writ of mandamus issue in place of an ordinary order of the court, and that the costs of $50 are burdensome upon the city. Section 1001 of the Greater New York charter provides that:

"All damages awarded by the commissioners of estimate and assessment with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by the city of New York," etc.

And then it is provided that:

"The person or persons to whom awards shall be made in such proceedings, and the person or persons in whose favor costs and expenses may be taxed, shall not have an action at law against the city of New York for such awards, costs, or expenses, but the court in which such proceedings have been had, upon the application of any such person or persons, in case of the failure of the comptroller of said city to pay the same within thirty days after demand therefor, shall require and direct the comptroller to pay said awards, costs, and expenses from the said fund, and enforce said order or mandate in the same manner as other orders and mandates of said court are enforced."

[1] There can be no doubt, if there was no other adequate remedy at law, the court would be justified in issuing its writ of peremptory mandamus to compel the comptroller of the city of New York to pay an award out of a fund which had been provided for that particular purpose, without any statutory provision.

[2] The statute in this case takes away the right to an action at law, and makes it the duty of the court to "require and direct the comptroller to pay said awards," without prescribing the form in which the comptroller is to be required or directed to act, except that upon "the application of any such person or persons" the court is to "require and direct the comptroller to pay," and that the court shall "enforce such order or mandate in the same manner as other orders and mandates of said court are enforced." Subdivision 2 of section 3343 of the Code of Civil Procedure defines a "mandate" as including—

"a writ, process, or other written direction, issued pursuant to law, out of a court, or made pursuant to law, by a court, or a judge, or a person acting as a judicial officer and commanding a court, board, or other body, or an officer, or other person, named or otherwise designated therein, to do, or to refrain from doing, an act therein specified."

[3] And a mandamus is defined as—

"a command issuing from a court of law of competent jurisdiction, in the name of the state or sovereign, directed to some inferior court, officer, corporation, or person, requiring them to do some particular thing therein speci-

fied, which appertains to their office or duty." 19 Am. & Eng. Ency. of Law, 716.

Obviously the duty of the court to "require and direct the comptroller to pay" is broad enough to authorize the issuing of a mandate, and this is clearly provided for by the statute, and a "mandate," as defined by the Code of Civil Procedure, is comprehensive enough to include a writ of mandamus; and as the court is set in motion "upon the application of any such person or persons," and the court is authorized to issue a mandate requiring and directing the comptroller to pay, we know of no good reason why the court should not, upon the application of a person whose money is unlawfully withheld, issue its mandate in the form of a writ of mandamus. The respondent has an absolute lawful right to his money. He has a right to make the application to the court in any form which pleases him, and the court has the right to grant the relief asked for by the issuance of its mandate requiring and directing the comptroller to pay the award. If the costs are more than they would be if the respondent had been content with an order, that is a matter which might have been taken into consideration when the respondent was denied his money, and we are not disposed to put him to further trouble and expense in securing that which belongs to him as a matter of right, because it may be more expensive to the plaintiff than some other method would have been.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.